UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-07583-SSC Date: October 8, 2026

Title Nadia Rubio v. General Motors LLC, et al.

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

| Teagan Snyder | n/a |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| --- | --- |
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) **Order Denying Motion To Remand (ECF 23), And Ordering Parties To Elect Dates In Management Of This Case No Later Than October 16, 2026**

Plaintiff filed this Song-Beverly action against Defendant in state court. (ECF 1-2 at 3.) Defendant thereafter removed the case to federal court based on diversity jurisdiction. (ECF 1.) Before the Court is Plaintiff's motion to remand the action, which argues only that Defendant has failed to show the amount in controversy required for federal jurisdiction. (ECF 23.) The motion is fully briefed, and the Court finds the motion suitable for determination without oral argument and thus VACATES the hearing. Fed. R. Civ. P. 78(b); L.R. 7-15.

Because the Court adopts the view of courts that have found that the amount in controversy in these cases can include maximum civil

penalties under the statute where the plaintiff alleges willfulness even cursorily, the Court DENIES the remand motion.

## I

### A

In general, defendants may remove any case filed in state court over which the federal district courts have original jurisdiction. 28 U.S.C. § 1441(a). An action may be removed based on diversity jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). A court has diversity jurisdiction if the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a).

The removing party has the burden to show that removal is proper. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### B

Under the Song-Beverly Act, the buyer of a vehicle may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by an amount "directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity." Cal. Civ. Code § 1793.2(d)(2)(B)–(C); *see also Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018) ("Consideration of the Use Offset [is]

appropriate."). This reduction, also known as a mileage offset, is calculated by dividing the number of miles driven prior to first delivery for correction by 120,000 and multiplying the resulting fraction by the actual price of the new motor vehicle paid or payable by the buyer. Cal. Civ. Code § 1793.2(d)(2)(C). In addition to restitution, the buyer may recover a civil penalty up to two times the amount of actual damages if the statutory violations were willful. *Id.* § 1794(c).

**II**

Here, the complaint alleges that Defendant "willfully violated the Song-Beverly Act" and as a result, Plaintiff is entitled to "a civil penalty of up to two times the amount of actual damages[.]" (ECF 1-2 at 7, 10, 11.) Defendant relied on these allegations in the notice of removal to cross the $75,000 threshold.[1] (ECF 1 at 5.) Plaintiff does not contest Defendant's actual damages estimate of $60,399.02.[2] (ECF 23 at 5.) The civil penalty is calculated by doubling the amount of restitution, which yields a civil penalty of approximately $120,798.04 ($60,399.02 x 2). Combining the actual damages and the civil penalty, Defendant has established an amount in controversy of at least $181,197.06

[1] Defendant also relies on Plaintiff's request for attorney's fees to establish that the amount in controversy satisfies the jurisdictional threshold. (ECF 1 at 5; ECF 23 at 10–11.) Because the amount in controversy exceeds the requirement with consideration of civil penalties, the Court need not reach this issue.

[2] The Court notes that Defendant's opposition to the motion to remand cites Plaintiff's initial disclosures in which she states that she is seeking damages in the amount of at least $217,197.06. (ECF 24 at 6 n.1.)

($60,399.02 + $120,798.04). Thus, if the maximum civil penalty is included in the amount in controversy, Defendant has demonstrated by a preponderance of the evidence that the amount in controversy under the Song-Beverly claim is met for this Court to exercise jurisdiction over this matter.

Plaintiff, however, argues that Defendant has failed to establish that "the amount it attributes to a civil penalty is in controversy." (ECF 23 at 7.) According to Plaintiff, once Plaintiff contests the calculation, Defendant must establish the amount by a preponderance of the evidence with competent proof. (*Id.* at 6.) Stated differently, Plaintiff argues Defendant may not rely on Plaintiff's allegations of willfulness; rather, Defendant must submit proof of its own willful misconduct once Plaintiff challenges reliance on her own conclusory allegations. The Court disagrees.

**A**

A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by [28 U.S.C.] § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

"The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Accordingly, in assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citation modified).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-07583-SSC Date: October 8, 2026

Title Nadia Rubio v. General Motors LLC, et al.

The "plaintiff can contest the amount in controversy by making either a 'facial' or 'factual' attack on the defendant's jurisdictional allegations." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). "For a facial attack, the court, accepting the allegations as true and drawing all reasonable inferences in the defendant's favor, 'determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.'" *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (quoting *Leite v. Crane Co*., 749 F.3d 1117, 1121 (9th Cir. 2014)).

"A factual attack, by contrast, 'contests the truth of the . . .factual allegations, usually by introducing evidence outside the pleadings.'" *Id.* (quoting *Leite*, 749 F.3d at 1121). "When a factual attack is mounted, the responding party 'must support her jurisdictional allegations with "competent proof" . . . under the same evidentiary standard that governs in the summary judgment context.'" *Id.* (alteration in original) (quoting *Leite*, 749 F.3d at 1121).

Here, Plaintiff brings only a facial attack on the amount in controversy, and thus Defendant need not "support jurisdictional allegations with proof." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016); *Tate v. Gen. Motors LLC*, No. 2:25-cv-07663-DSF-MAA, 2025 WL 3072627, at *3 (C.D. Cal. Nov. 3, 2025) (explaining facial attack in the context of amount-in-controversy challenge related to Song-Beverly Act civil penalties). Thus, the Court must determine whether the allegations are sufficient as a matter of law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07583-SSC | Date: | October 8, 2026 |
| Title | Nadia Rubio v. General Motors LLC, et al. | | |

**B**

The Court is persuaded that the maximum recoverable civil penalty should be considered for purposes of determining the amount in controversy because that is what Plaintiff put in controversy in alleging willfulness and seeking up to that amount.

The Court acknowledges that district courts are split on whether civil penalties should be included in the amount in controversy when, as here, a plaintiff's allegations of willful infringement are conclusory. *See Ferguson v. KIA Motors Am. Inc.*, No. 2:20-cv-01192-KJM-DB, 2021 WL 1997550, at *3 (E.D. Cal. May 19, 2021) ("District courts in the Ninth Circuit are split on whether to include Song-Beverly Act civil penalties in calculations to assess the amount in controversy."); *Viray v. Porsche Cars N. Am., Inc.*, No. 2:26-cv-00314-WLH-MAR, 2026 WL 446237, at *2 (C.D. Cal. Feb. 17, 2026) ("District courts are spilt on whether civil penalties should be included in the amount in controversy when a plaintiff's allegations of willful infringement are conclusory.").

The Court finds more persuasive the arguments in favor of including civil penalties in the amount in controversy. *Zeto v. BMW of North Am., LLC*, No. 20-cv-1380-GPC-KSC, 2020 WL 6708061, at *4 (S.D. Cal. Nov. 16, 2020) ("[N]ot much scrutiny is needed when the Song-Beverly Act expressly states the contours of damages, and Plaintiff requests that amount."). Not only is this correct based upon the law as discussed above, but it avoids the absurdity of a defendant being required to put forth evidence of its own willfulness to oppose a motion to remand where a plaintiff has intentionally pleaded only conclusory allegations of such. *See De Vidal v. Ford Motor Co.*, No. 2:21-cv-07115-FLA (JPRx), 2022 WL 17093070, at *4 (C.D. Cal. Nov. 21, 2022); *Brooks v. Ford Motor Co.*, No. CV 20-302 DSF (KKx), 2020 WL 2731830, at *2 (C.D. Cal. May 26, 2020) ("It would be absurd to suggest

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07583-SSC | Date: | October 8, 2026 |
| Title | Nadia Rubio v. General Motors LLC, et al. | | |

a defendant must offer evidence showing it willfully failed to comply with the Song-Beverly Act[.]").

Plaintiff's motion to remand (ECF 23) is DENIED.

***

Further, in view of the reassignment of this case from the prior assigned judge based on the parties' consent to proceed before the Court for all proceedings under 28 U.S.C. § 636, and in light of the above ruling, the parties may request a scheduling conference with the Court and/or propose in writing scheduling dates different than those set by the prior assigned judge at ECF 17. Newly proposed dates must be submitted in the format of the attached Schedule of Pretrial and Trial Dates (also available as a fillable PDF on the Court's procedures webpage) and filed on the docket.

Alternatively, the parties may stand on the dates set by the prior assigned judge which the Court will adopt in a Scheduling Order. **The parties should make clear their election by filing a notice on the docket no later than <u>October 16, 2026.</u>**

**IT IS SO ORDERED.**

Initials of Preparer **ts**